UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NELSON WILFREDO RIOS,            )
    Petitioner,                  )
                                 )
                                 ) Criminal No. 1:09cr215
           v.                 ) Civil Action No. 1:11cv42
                                 )
UNITED STATES OF AMERICA,         )
    Respondent.                  )
                                 )

REPORT AND RECOMMENDATION

This matter comes before the Court on the April 1, 2011

Order of the Honorable T.S. Ellis, III (Dkt. 60) directing the

undersigned Magistrate Judge to hold an evidentiary hearing and

prepare a Report and Recommendation on petitioner Nelson

Wilfredo Rios's ("petitioner") § 2255 claim that his counsel

failed to file a direct appeal in this matter despite

petitioner's request that he do so.  After conducting the

September 22, 2011 hearing, the undersigned Magistrate Judge

took the matter under advisement.  Upon consideration of the

pleadings, testimony, and exhibits[1], the undersigned Magistrate

---

[1] The record before the Court includes the Petitioner's Post-
Hearing Brief (Dkt. 64) ("Pet's Br."), the Government's Response
in Opposition to Petitioner's Post-Hearing Brief (Dkt. 69)
("Gov't's Opp."), the Government's Supplemental Response in
Opposition to Petitioner's Post-Hearing Brief (Dkt. 70)
("Gov't's Supp."), the Affidavit of Drewry B. Hutcheson, Jr.
(Dkt. 59-1) ("Hutcheson Aff."), Petitioner's Motion Under 28
U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a
Person in Federal Custody (Dkt. 56; Pet. Ex. 2) ("Mot. Vacate"),
and Petitioner's Sworn Affidavit in Support of His 28 U.S.C. §

Judge recommends a finding that petitioner's trial counsel did not act unreasonably when discussing petitioner's appeal in English.  The undersigned further recommends a finding that petitioner's attorney did not act unreasonably when he did not advise petitioner of his right to a new attorney on appeal.

## I.   BACKGROUND

### A.    Issues

Petitioner has alleged that his trial attorney, Drewery B. Hutcheson ("Mr. Hutcheson") provided ineffective assistance of counsel by failing to file a timely notice of appeal as petitioner requested.  (Mot. Vacate 7.)  Petitioner now concedes that he instructed Mr. Hutcheson not to file an appeal, but argues that his decision to do so was misinformed due to ineffective assistance of counsel.  Two issues relating to petitioner' § 2255 claims are now before the Court: (1) whether Mr. Hutcheson erred in not using an interpreter in his conversations with petitioner regarding the appeal process; and (2) whether Mr. Hutcheson erred in not advising petitioner that a different attorney could be assigned to handle petitioner's appeal.

### B.    Summary of Testimony

At the September 22, 2011 evidentiary hearing, Mr.

---

2255 (Dkt. 57; Pet. Ex. 3) ("Rios Aff."), and the other exhibits admitted at the September 22, 2011 hearing.

Hutcheson testified on behalf of the Government and petitioner testified on his own behalf.

**1.   *Testimony of Drewery B. Hutcheson***

Mr. Hutcheson testified that he has been practicing federal criminal defense in the Eastern District of Virginia since 1984 when he joined the Criminal Justice Act (CJA) Panel.  His only language is English.  Mr. Hutcheson defended petitioner in the underlying criminal matter, and testified that he had met with petitioner roughly twenty times throughout the course of representation.  He stated that, although petitioner did not always follow his legal advice, he felt that their relationship was basically good.  Petitioner's Exhibit 1 addresses some of the tension in the attorney-client relationship.  Although petitioner asked for another attorney in open court before Judge Ellis in pretrial hearings, Mr. Hutcheson testified that he does not know if, after his sentencing, petitioner wanted new representation.

Mr. Hutcheson further testified that he began discussions regarding appeal with petitioner in the fourteen-day period after petitioner's sentencing.  They discussed this once in person, immediately after the sentencing, and spoke on the phone about two to three times.  Petitioner asked Mr. Hutcheson to appeal immediately after sentencing.  Mr. Hutcheson did not want to file an appeal, feeling that it would be frivolous given petitioner's guilty plea and the strength of the Government's

case.  He stated, however, that he would have filed an appeal
had petitioner instructed him to do so.

When Mr. Hutcheson asked petitioner what he wanted to
appeal, petitioner did not know.  Mr. Hutcheson felt that
petitioner misunderstood the process of appeal, conceiving of it
as a mere place-holding procedure until an issue came along.
(Hutcheson Aff. 2.)  He explained that he would be required to
specify the issues forming the basis of the appeal, and that
various "clocks would start ticking."  (Id.)  Mr. Hutcheson
testified that once he explained what an appeal entailed,
petitioner did not want to appeal.  Mr. Hutcheson made a note of
this decision on the inside of the file folder containing the
materials relating to petitioner's case.  (Pet's Ex. 5.)  He did
not send a letter to petitioner memorializing this decision.

Mr. Hutcheson testified that he and petitioner spoke only
in English when discussing petitioner's appeal and other
matters.  He stated that petitioner is fluent in both English
and Spanish, and that he only occasionally needed help searching
for an English word.  Petitioner used humor and spoke in
colloquialisms, demonstrating to Mr. Hutcheson that petitioner
understood English well.

Although Mr. Hutcheson hired an interpreter for court
proceedings, he only used an interpreter once in a private
meeting with petitioner.  Mr. Hutcheson believed that petitioner

used an interpreter in court because of its formal setting.

### 2.   *Testimony of Nelson Wilfredo Rios*

Petitioner testified to the following facts.  He is 51 years old and a native of El Salvador.  He came to the United States in 1980, when he was roughly 20 years old, and has now lived in the United States for the majority of his life.  He is a legal resident of the United States.  He is divorced and has two children; his ex-wife and children speak English fluently.

Petitioner testified that he cannot speak, read, or write English well.  He is not comfortable discussing legal issues in English.  During the period up to and during trial, he had five or six meetings in person with Mr. Hutcheson, and five meetings over the phone.  He did not have the assistance of an interpreter during those meetings.  In preparation for this evidentiary hearing, petitioner spoke with Jeffrey C. Corey of the Federal Public Defender three times – once by phone without an interpreter, and twice in person with an interpreter.

Petitioner testified that after sentencing he spoke with Mr. Hutcheson roughly three times over the phone, and perhaps met with him once in person.  In these conversations, they discussed his appeal in English.  Petitioner alleged that he asked Mr. Hutcheson to file an appeal, but that Mr. Hutcheson said that if he did so he (Mr. Hutcheson) would have to represent him.  Upon learning this, petitioner decided that he

would not appeal.  Petitioner alleged that Mr. Hutcheson did not inform him that he had a right to a new attorney on appeal, or that Mr. Hutcheson could withdraw.  Petitioner testified that he would have appealed if he had known he could have a different attorney.  He admitted, however, that he ultimately instructed Mr. Hutcheson not to file an appeal.  He also stated that he now understands the concept of an appeal after speaking with Mr. Corey.

Petitioner testified that his relationship with Mr. Hutcheson was difficult.  He alleged that Mr. Hutcheson became easily frustrated, used bad words, and scared him by banging his hand on a table.  Petitioner found it difficult to communicate with Mr. Hutcheson in English.

Petitioner testified about his past usage of the English language.  On the date of his arrest he spoke with the agents in English, providing details about his background and travels between the United States and Mexico.  The agents gave him a statement of his rights in both Spanish and English.  (Gov't Ex. 2.)  Before his arrest and after 2006, petitioner was employed by Brandon Dodson, who speaks only English, at a landscaping company in Fredericksburg, Virginia.  He communicated with Dodson in English, but does not recall translating for Dodson when Dodson spoke with Spanish speakers.

Petitioner testified that during trial hearings, he tried

to speak English.  (See Gov't Supp., Ex. A.)  He does not remember answering questions asked in English before they could be translated to Spanish.  After his trial, petitioner submitted a pre-sentencing statement that was written in English.  He claims that this statement was prepared by Mr. Hutcheson, and that despite attempts to read the statement, he did not understand it.  In that statement, petitioner requested a reduction in sentencing because his role in the cartel was as a mere translator.  At the hearing, however, he claimed that his translation skills were limited to only very simple things.

Petitioner provided confusing testimony regarding his Motion to Vacate and his Sworn Affidavit in Support of His 28 U.S.C. § 2255 claim, both of which were written in English. Although he signed each document, he alleged that he neither prepared them nor read them due to his inability to read, write, and speak English.  He stated that a fellow prisoner drafted the documents per petitioner's instructions, which were communicated mainly in English.  He also testified that this fellow prisoner's English was only marginally better than his own.  A third person assisted them in this endeavor.

### C.   Legal Standard

The Sixth Amendment ensures a criminal defendant's right to effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To make a claim for ineffective

assistance of counsel, a criminal defendant must show "(1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." Roe v. Ortega-Flores, 528 U.S. 470, 476-77 (2000) (citing Strickland, 466 U.S. at 688, 694).

When an ineffective assistance of counsel claim is based on an attorney's failure to file an appeal, the Supreme Court has refused to impose a per se duty to appeal or even consult about an appeal in all cases. Id. at 477-78. Instead, "counsel has a constitutionally imposed duty to consult with a defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal … or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480; United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000). Where an attorney has consulted with a defendant about an appeal, failure to file an appeal is unreasonable only where the defendant expressly instructed him to do so. Roe, 528 U.S. at 478.

Consulting with a defendant includes advising him about "the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478. Courts have also held that "[c]ounsel's inability to communicate with his client because of a language barrier may render his assistance constitutionally ineffective." See Gallo-

8

Vasquez v. United States, 402 F.3d 793, 799 (7th Cir. 2005).

### D.    Arguments

Petitioner argues that Mr. Hutcheson was ineffective in advising him about his appellate rights, and that his decision not to file an appeal was therefore an uncounseled one.  (Pet's Br. 1-2.)  Specifically, he argues that Mr. Hutcheson acted unreasonably when he did not use an interpreter to communicate with petitioner about the appeals process, and when he failed to advise petitioner that a different attorney could represent petitioner on appeal.  (Id. at 2-3.)

Regarding petitioner's difficulties with communication in English, petitioner argues that Mr. Hutcheson was on notice that petitioner needed an interpreter to understand complex legal issues.  (Id. at 10.)  He cites his request for an interpreter mid-way through his trial, as well as his use of an interpreter at pretrial hearings, at the sentencing hearing, and at one consultation at the jail.  (Id. at 9-10.)  Petitioner argues that this proves that Mr. Hutcheson "believed there was value in having the interpreter" and therefore acted unreasonably when he discussed the appeal without one.  (Id. at 12.)

Petitioner also argues that Mr. Hutcheson acted unreasonably when he failed to inform petitioner that a different attorney could represent him on appeal.  Asserting that Mr. Hutcheson knew that petitioner wanted a new lawyer, he

9

argues that Mr. Hutcheson's incomplete explanation "precluded [him] from making a fully informed decision regarding his appeal."  (Id. at 20.)

In response, the Government argues that petitioner's arguments are not credible, and points to serious discrepancies between his § 2255 Motion and his testimony at the hearing. (Gov't's Opp. 5-6.)  The Government argues that Mr. Hutcheson acted reasonably when he discussed the appeal in English because petitioner is in fact proficient in English.  (Id. at 7.)  The Government also argues that Mr. Hutcheson acted reasonably when he did not discuss petitioner's ability to obtain a new attorney on appeal because petitioner never expressed such a desire, and because the attorney-client relationship was not as "damaged" as petitioner alleges.  (Id. at 10-11.)

## II.  FINDINGS OF FACT

### A.   Necessity of the Interpreter

The undersigned finds that petitioner is not credible, and that he is able to understand and communicate in English.  Mr. Hutcheson did not act unreasonably by discussing the appeals process without the assistance of an interpreter.[2]

At the hearing, petitioner claimed that he spoke very little English.  The weight of the evidence before the Court

---

[2] The Court notes that it has not considered the Affidavit of Claudine M. Varesi (Pet's Br., Appx. A), as Ms. Varesi was not called at the hearing and was not subject to cross examination.

contradicts this testimony, however.  Petitioner has lived and
worked in this country for roughly thirty years.  His previous
employer spoke no Spanish and petitioner communicated with him
entirely in English.  Upon his arrest in 2009, petitioner spoke
with detectives at length in English.  With the exception of one
time when an interpreter happened to be with Mr. Hutcheson,
petitioner prepared for trial in English and without the
assistance of an interpreter.  Furthermore, Mr. Hutcheson has
considerable experience representing Spanish-speaking clients;
it is unlikely that he would neglect to hire an interpreter
where the need truly existed.

Petitioner's actions and own statements to this Court also
support a finding that he is proficient in English.  In his pre-
sentencing statement, petitioner argued the following: "Indeed,
that is Mr. Rios' theory as to why the cartel people impressed
him into service in the first place: he was mature, carried
himself well, and was bilingual and Americanized."  (Position of
Def. with Respect to Sentencing Factors 3-4 (Dkt. 45).)
Transcripts of proceedings before Judge Ellis show that he
responded to and answered questions in English without any
apparent difficulty.  (Gov't's Supp., Ex. A.)

The Court also notes that petitioner has conveniently
changed his story about why he received ineffective assistance
of counsel.  In his § 2255 Motion, petitioner claimed that he

told Mr. Hutcheson to file an appeal but that Mr. Hutcheson

ignored his request.  (Mot. Vacate 7.)  In his supporting

affidavit, he also alleged that Mr. Hutcheson never consulted

with him regarding the benefits or consequences of seeking an

appeal.  (Rios Aff. ¶ 15.)  Not only does Mr. Hutcheson's

testimony contradict this account, but at the hearing petitioner

conceded that he discussed his appeal with Mr. Hutcheson at

least three times, and that he told Mr. Hutcheson <u>not</u> to file an

appeal.  Only after filing his § 2255 Motion did the problem

become his inability to understand Mr. Hutcheson.  Throughout

the course of representation and up to his § 2255 petition,

petitioner never asserted that he could not understand his

attorney.  It is thus implausible that his allegations are true.

Considering petitioner's proficiency in English, Mr.

Hutcheson's consultation regarding the appeals process meets the

reasonableness standards of <u>Roe</u> and <u>Witherspoon</u>.

**B.   Petitioner's Request for a Different Attorney on Appeal**

The Court finds that petitioner's allegations are not

credible and that Mr. Hutcheson did not act unreasonably when he

failed to advise petitioner that a different attorney could

handle his appeal.

Mr. Hutcheson testified that he has no recollection of

petitioner requesting a new attorney for his appeal, and that he

had no reason to believe that petitioner wanted a new lawyer at

that stage of the proceedings.  Indeed, petitioner had been afforded a considerable reduction in his sentence after Mr. Hutcheson's advocacy at sentencing.  (See Gov't Opp. 11.) Petitioner, on the other hand, has failed to piece together a consistent narrative regarding these allegations.  He did not raise the issue of Mr. Hutcheson's failure to advise him of his right to a new attorney in the Motion to Vacate or its supporting Affidavit.  Instead, he alleged only that he told Mr. Hutcheson that "I don't want you on my case, but I want to appeal."  (Mot. Vacate 7.)  This is inconsistent with his hearing testimony that he told Mr. Hutcheson not to appeal.

Thus, the Court finds that Mr. Hutcheson's failure to advise petitioner of his right to a different attorney on appeal was not unreasonable, given that petitioner never raised the issue.  His consultation regarding the function and requirements of an appeal as they applied to petitioner's particular case was sufficient to satisfy the legal standard.

### III. RECOMMENDATION

For the reasons outlined above, the undersigned recommends a finding that petitioner's trial counsel did not act unreasonably when discussing petitioner's appeal in English. The undersigned further recommends a finding that petitioner's attorney did not act unreasonably when he did not advise petitioner of his rights to a new attorney on appeal.

IV.   <u>NOTICE</u>

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

_____/s/_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

November 28, 2011
Alexandria, Virginia